UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATTY CUMMINGS,

    Plaintiff,

v.                                         Case No.:  2:20-cv-351-FtM-38NPM

RON DESANTIS and LEE COUNTY,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Patty Cummings' *ex parte* Motion for Temporary Restraining Order (Doc. 3).

Cummings owns two fitness centers. After the COVID-19 pandemic struck Florida, Governor Ron DeSantis issued a series of executive orders to combat the spread of the disease. Among other things, the executive orders declared a state of emergency for the entire State of Florida and ordered many businesses, including all gymnasiums and fitness centers, to close. Lee County declared a state of local emergency and recommended that citizens and businesses take steps to increase sanitation and avoid large gatherings. On April 29, 2020, DeSantis issued Executive Order No. 20-112, kicking off Phase 1 of a phased reopening of Florida businesses. Gyms and fitness centers are not among the businesses allowed to reopen in Phase 1. Cummings sues DeSantis and Lee County, alleging the forced closure of her businesses violates her federal and state

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

constitutional rights, and she seeks a preliminary injunction and a temporary restraining order (TRO) allowing her to reopen.

"The grant of a preliminary injunction in advance of trial is an extraordinary remedy." *McMahon v. Cleveland Clinic Found. Police Dept.*, 455 F. App'x 874, 878 (11th Cir. 2011) (internal quotations and citation omitted). In addition to the usual requirements for injunctive relief, a district court may issue an *ex parte* TRO

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 432 n.7 (1974). The Supreme Court has further recognized "a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President and Com'rs of Princess Anne*, 393 U.S. 175, 180 (1968). And ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

Cummings' counsel certifies that he provided notice of Cummings' complaint and motion via email to the State of Florida and Richard Wesch, County Attorney for Lee

County, and that he will promptly serve Defendants. Cummings has not shown that it is impossible to notify and serve Defendants and give them an opportunity to contest her request for injunctive relief. Thus, Cummings has not satisfied the Rule 65 prerequisites for a TRO. Also, the relief Cummings' requests—a prohibition on the enforcement of DeSantis's executive orders—is not amenable to a TRO because it does not maintain the status quo. The issue is best left for a preliminary injunction, which cannot issue until Defendants receive notice and a fair opportunity to present their objections. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). Cummings may request a hearing after she serves Defendants.

Accordingly, it is now

**ORDERED:**

Plaintiff Patty Cummings' *ex parte* Motion for Temporary Restraining Order (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of May, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record