UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATTY CUMMINGS,

    Plaintiff,

v.                                        Case No.:  2:20-cv-351-FtM-38NPM

RON DESANTIS,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Ron DeSantis's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 26) and Plaintiff Patty Cummings' response (Doc. 27).

## Background

Cummings owns and operates two gyms. After the COVID-19 pandemic struck Florida, Governor Ron DeSantis issued a series of executive orders to combat the spread of the disease. Among other things, the executive orders declared a state of emergency for the entire State of Florida and ordered many businesses—including all gyms and fitness centers—to close. Cummings sued DeSantis under the state and federal constitutions, seeking injunctive, declaratory, and monetary relief. DeSantis allowed gyms to reopen the next day, and Cummings amended her complaint to drop her request for an injunction.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Cummings' Amended Complaint has five counts. The first two challenge DeSantis's authority to issue the executive orders under the Florida Constitution. Count 1 challenges the State Emergency Management Act—which empowers the governor to issue, amend, and rescind executive orders—as an impermissible delegation of law-making power. Count 2 challenges the executive orders themselves as violations of Florida's Separation of Powers Doctrine. The next three counts mount state and federal attacks on the executive orders. Count 3 accuses DeSantis of depriving Cummings of her property without due process of law. Count 4 argues the executive order violated equal protection guarantees by placing unique burdens on gym owners. Count 5 characterizes the forced closure as a regulatory taking of Cummings' property and requests compensation.

DeSantis moves to dismiss for three reasons: (1) Counts 1-4 are moot because the gym-closure provisions have expired; (2) sovereign immunity bars this Court from hearing Cummings' state law claims; and (3) Cummings fails to state any claim upon which relief can be granted.

**Discussion**

DeSantis's first two arguments challenge this Court's subject-matter jurisdiction over Cummings' claims, so Federal Rule of Civil Procedure 12(b)(1) applies. When considering facial attacks to jurisdiction, as here, courts "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in h[er] complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) (quoting *Lawrence v. Dunbar*, 519 F.2d 1525, 1529 (11th Cir. 1990)).

Likewise, when deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678.

**A. Jurisdiction**

1. <u>Sovereign Immunity</u>

Under the *Penhurst* doctrine, federal courts have no "jurisdiction over official-capacity claims against state officials[] when those defendants are accused of violating state law and the relief sought will have an impact directly on the state itself." *Bradley v. Franklin*, 786 F. App'x 918, 925 (11th Cir. 2019) (citing *Penhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89 (1984)). This Court thus has no authority to declare that SEMA or the executive orders violate the Florida Constitution.

Cummings argues the Eleventh Circuit carved out an exception in *McDonough v. Fernandez-Rundle*, 862 F.3d 1314 (11th Cir. 2017). The Court disagrees. McDonough sought injunctive relief barring a state attorney from prosecuting him under a Florida statute in violation of the First Amendment. *McDonough*, 862 F.3d at 1318. The district court assumed the Florida statute applied and analyzed the case under the First Amendment. *Id.* at 1316. The Eleventh Circuit, citing the principle of constitutional avoidance, found that McDonough did not violate the Florida statute and remanded for

3

further proceedings. *Id.* at 1321. *McDonough* does not suggest that a federal court may enter injunctive or declaratory relief against a state officer based on violations of state law.

This Court does not have jurisdiction over Cummings' claims that SEMA and the executive orders violate the Florida Constitution. Counts 1 and 2 must be dismissed. And Counts 3-5, which allege violations of both state and federal law, may not proceed under the Florida Constitution.

### 2. Mootness

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S. CONST. art. III. Mootness can occur due to a change in circumstances or a change in law. *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d. 1276 (11th Cir. 2004); *Christian Coal. of Ala. v. Cole*, 355 F.3d 1288 (11th Cir. 2004); *Crown Media LLC v. Gwinnett County, Ga*, 380 F.3d. 1317 (11th Cir. 2004). Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits would be an impermissible advisory opinion." *Troiano*, 382 F.3d at 1282 (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).

Cummings asks the Court to declare two executive orders unconstitutional: EO 20-71 ordered the closure of gyms and fitness centers, and EO 20-112 kicked off a

phased reopening plan but ordered gyms and fitness centers to remain closed. DeSantis argues that two subsequent executive orders moot Cummings' request for declaratory relief: EO 20-123 allowed gyms and fitness centers to reopen at 50% capacity, and EO 20-139 superseded EO 20-112, allowing gyms and fitness centers to operate at full capacity.

Generally, "when an ordinance is repealed by the enactment of a superseding statute, then the 'superseding statute or regulation moots a case.'" *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (quoting *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000)). The Court sees no reason to treat executive orders differently. EO 20-112 superseded the challenged orders, and Cummings is now free to operate her gyms. But still, Cummings argues her request for declaratory judgment can proceed under the voluntary cassation exception to the mootness doctrine.[2]

"It is well settled that when a defendant chooses to end a challenged practice, this choice does not always deprive a federal court of its power to decide the legality of the practice." *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). A defendant who claims to have mooted an action by his own conduct "bears a formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 1322; *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 531 (11th Cir. 2013) ("Since the defendant is free to return to his old ways, he bears a heavy

---

[2] Cummings also argues her takings claim—Count 5—is not moot because she is seeking monetary damages. But DeSantis does not argue that Count 5 is moot, so the Court need not address this point.

5

burden of demonstrating that his cessation of the challenged conduct renders the controversy moot.").

A government actor who voluntarily ceases alleged wrongful conduct is entitled to a "lesser burden" or a "rebuttable presumption" that the conduct will not recur, but only if he demonstrates "unambiguous termination of the challenged conduct." *Wooten*, 747 F.3d at 1322. The presumption may be rebutted by "some reasonable basis to believe that the [conduct] will be reinstated if the suit is terminated." *Id.* In evaluating whether there is a reasonable basis the challenged conduct will recur, the Eleventh Circuit considers these factors:

> (1) whether the termination of the offending conduct was unambiguous; (2) whether the change in government policy or conduct appears to be the result of substantial deliberation, or is simply an attempt to manipulate jurisdiction; and (3) whether the government has consistently applied a new policy or adhered to a new course of conduct.

*Id.* at 1322-23 (internal quotation marks omitted).

All three factors strongly favor DeSantis. There is no question DeSantis unambiguously terminated the challenged conduct. He partially lifted restrictions on the operation of gyms and fitness centers on May 18, 2020, and he superseded the remaining limitations on June 5, 2020. Over two months later, Cummings remains free to operate her gyms at full capacity. DeSantis's reopening plan clearly was not an attempt to manipulate jurisdiction. Substantial deliberation is apparent from the language of the executive orders. According to EO 20-112, DeSantis considered data collected by the Florida Department of Health and convened a task force to help develop the plan.

Cummings attempts to show a reasonable expectation that restrictions on gyms will resume by pointing to a sharp increase in COVID-19 cases beginning in June and

6

spiking in mid-July before declining. But if anything, that DeSantis stuck to his reopening plan despite a large spike in cases suggests he is unlikely to reverse course with the number of new infections declining.

DeSantis is entitled to a rebuttable presumption that the alleged wrongful conduct will not recur, and Cummings has failed to rebut that presumption. Thus, Cummings' claims for declaratory judgment are moot.

### B. Pleading Sufficiency

The only claim surviving the Court's jurisdictional analysis is the federal takings claim in Count 5. DeSantis mounts a 12(b)(6) challenge.

Cummings asserts that EO 20-71 and EO 20-112 amounted to a regulatory taking under *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104 (1978), which expanded the protection of the Takings Clause to regulatory takings, or "restriction[s] on the use of property that went 'too far.'" *Horne v. Dep't of Agric.*, 576 U.S. 350, 360 (2015). Whether a regulation goes "too far" is a factual inquiry based on factors like "the economic impact of the regulation, its interference with reasonable investment-backed expectations, and the character of the government action." *Id.*

Before a court can consider the *Penn Central* factors, it must determine whether the plaintiff alleged a constitutionally protected property interest that was subject to a taking. *Givens v. Ala. Dep't of Corr.*, 381 F.3d 1064, 1066 (11th Cir. 2004). Cummings does not allege what property interest DeSantis "took" from her in the executive orders. She instead makes broad allegations not specific to her:

> The Executive Orders, among other things, deprive property owners of a reasonable market return on their investment, devalue their properties, and upset their investment-backed expectations. The character of Defendants' actions – issuing Executive Orders providing for the public welfare at the

7

expense of a subset of private property owners – together with the extensive and negative economic impact of the Executive Orders, renders them facially unconstitutional as a regulatory taking.

(Doc. 10 at 19). Because Count 5 fails to identify a particular property interest that was subject to a taking, it fails to state a takings claim.

Accordingly, it is now

**ORDERED:**

Defendant Ron DeSantis's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 26) is **GRANTED**.

(1) Plaintiff Patty Cummings' Amended Complaint is **DISMISSED without prejudice**.

(2) Cummings may file a second amended complaint on or before August 27, 2020. Otherwise, the Court will close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of August, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record